IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER PAYTON,**

                **Plaintiff,**

    **v.**                                  **CASE NO. 17-3177-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in state custody. He proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, plaintiff's average monthly deposit is $55.03, and the average balance is $15.17. The court therefore assesses an initial

partial filing fee of $11.00, twenty percent of the average monthly deposit.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

Plaintiff sues the State of Kansas, a state district court judge, and an assistant prosecutor. The complaint alleges the defendant judge and prosecutor "made it appear that [he] has multiple conviction[s] on the journal entry by allowing the cases to be consolidated" (Doc. #1, p. 4). Although the complaint does not specify the relief sought[1],

---

[1] The last page of plaintiff's complaint refers to an attachment, but no attachment

plaintiff appears to allege error in his state court sentence.

To the extent plaintiff seeks relief from his sentence, he must proceed in habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from hat imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to obtain relief from his criminal sentence, plaintiff must proceed in habeas corpus, following the exhaustion of available state court remedies.

However, if the complaint is read to seek monetary damages, this matter is subject to dismissal for failure to state a claim for relief. First, plaintiff's claim against the State of Kansas is barred by the Eleventh Amendment, which grants states sovereign immunity from suits for damages against a State, its agencies, and its officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).[2] Next, the defendant judge is shielded from suit by absolute judicial immunity for acts that were judicial in nature and and were not taken in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The sentencing decision in this matter is a judicial act, and therefore, the defendant judge is entitled to immunity. Finally, a prosecutor is shielded by absolute immunity from suit under 42 U.S.C. § 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 424, 431 (1976). Here, the actions taken involve the prosecutor's in-court statements concerning sentencing.

---

appears in the record.
[2] While an exception to sovereign immunity exists for prospective injunctive relief, any such action concerning plaintiff's sentence must be pursued in a habeas action, as explained herein.

These actions fall within the acts protected by prosecutorial immunity, and defendant Parker is subject to dismissal from this action.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before November 30, 2017, plaintiff shall submit an initial partial filing fee of $11.00 to the clerk of the court.[3] Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED thqat on or before November 30, 2017, plaintiff shall show cause why this matter should not be dismissed (1) to allow him to seek relief in the state courts before commencing a federal habeas corpus action and (2) based upon the immunities and the Eleventh Amendment bar. The failure to file a timely response will result in the dismissal of this action without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 31st day of October 2017, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge

---

[3] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).