**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WALTER PAYTON,**

                **Plaintiff,**

      **v.**                                  **CASE NO. 17-3177-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

    This matter is a civil action filed by a prisoner in state custody. On October 31, 2017, the Court assessed an initial partial filing fee and directed plaintiff to show cause why this matter should not be dismissed. The order explained that if plaintiff seeks relief from his sentence, he must proceed in habeas corpus. However, if plaintiff seeks damages, his claim fails because the State of Kansas is shielded from a damages award by the Eleventh Amendment, the defendant state district judge is shielded by absolute judicial immunity, and the defendant prosecutor is shielded by prosecutorial immunity.

    Plaintiff filed a timely response (Doc. #4). Because that response clearly shows that the relief sought is immediate release, or, in the alternative, a new sentence, the Court concludes petitioner is challenging the validity of his sentence and this matter must be construed as a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(the sole remedy available to a state prisoner seeking either immediate or speedier release from confinement is habeas corpus). Before Mr. Payton may proceed in habeas corpus, however, he must show that he has exhausted the claims by presenting

them to the state courts. To exhaust claims, a habeas petitioner must present the claims for relief in each appropriate state court, a doctrine developed "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In addition, because he previously has sought habeas corpus relief, Mr. Payton must obtain prior authorization from the U.S. Court of Appeals for the Tenth Circuit to proceed in a second or successive application for habeas corpus. *See Payton v. Werholtz*, 523 Fed. Appx. 506, (10th Cir. Jul. 25, 2013)(discussing petitioner's filing history).

## Conclusion

For the reasons set forth, the Court construes this matter as a petition for habeas corpus challenging the validity of Mr. Paytonr's sentence. Because he has not obtained prior authorization for proceeding in a habeas corpus petition, this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a petition for habeas corpus and is dismissed without prejudice.

IT IS FURTHER ORDERED the clerk of the court shall refund $6.00 to petitioner and shall set aside that portion of the Court's order imposing a $350.00 filing fee in this matter.

**IT IS SO ORDERED.**

DATED:  This 21st day of November, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge